# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Earl Kenneda, Jr.,**
**Claimant Below, Petitioner**

**vs.)    No. 22-0127    (**BOR Appeal No. 2057180)
                                        (Claim No. 2021001450)

**United Coal Company, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Earl Kenneda, Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent United Coal Company, LLC, filed a timely response.[1] The issue on appeal is compensability. Petitioner argues that his claim should be held compensable for a back injury. The claims administrator denied the claim on August 5, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its July 22, 2021, order. The order was affirmed by the Board of Review on January 20, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On July 24, 2020, petitioner, a foreman, completed an Employees' and Physicians' Report of Injury stating that on July 21, 2020, he injured his back when lifting a belt in the coal mine at which he works. Petitioner went to the emergency room after waking up on July 22, 2020, and finding that he could not stand up straight. A healthcare provider at Raleigh General Hospital, with an unreadable signature, completed an Employees' and Physicians' Report of Injury on July 30, 2020, making a diagnosis of lumbago with sciatica. According to the hospital's emergency department records, petitioner reported that he had back pain for "several days" and that he had experienced similar symptoms previously. Petitioner believed that he aggravated a prior injury by lifting the mining belt, and back pain was noted as part of his past medical history. Luis Puchi, M.D., diagnosed petitioner with low back pain and muscle spasms in the back. On August 5, 2020, the claims administrator denied petitioner's claim based upon its review of the emergency department records. Petitioner protested this order.

Petitioner's primary care providers are Ralph Simms, D.O., and Courtney E. Epling, MSPA-C. Ms. Epling saw petitioner on August 5, 2020, and noted that petitioner stated that he went to the emergency room after his back "went out." A physical examination revealed

---

[1]Petitioner is represented by Reginald D. Henry, and respondent is represented by H. Dill Battle, III.

"tenderness down through the lumbosacral junction." Ms. Epling made a diagnosis of lumbosacral degenerative disease and released petitioner to return to work.

Petitioner underwent an x-ray of the lumbar spine at Raleigh Orthopedics on August 25, 2020. The x-ray showed no fracture or subluxation with vertebral body height and alignment being well-maintained. The disc spaces were also preserved. However, mild multilevel facet arthropathy (arthritis) was noted. Therefore, Joseph A. Lambert, II, M.D., found no evidence of dynamic instability with very mild degenerative changes. Petitioner was also examined by Megan Dincher, PA-C, who noted a past history of kidney stones. Ms. Dincher found tenderness to palpation along the lower lumbar spine with no palpable defect. Ms. Dincher further found good range of motion during back flexion, extension, and rotation. However, petitioner reported that he had pain with extension and rotation. The primary diagnosis Ms. Dincher provided petitioner was back pain with left-sided radiculopathy. Ms. Dincher also diagnosed petitioner with low back pain, muscle spasms in the back, and lumbar facet arthropathy. Ms. Dincher recommended an MRI or an electromyography, finding that physical findings and petitioner's complaints were more consistent with a lumbar disc herniation with left lower extremity radiculopathy than symptoms secondary to the mild osteoarthritic changes visible on the claimant's x-ray. Petitioner underwent an electromyography at Vaught Neurological Services on November 13, 2020. Based upon the results of the study, Barry K. Vaught, M.D. found that there was electrophysiological evidence of left-side radiculopathy at L4-L5.

Petitioner testified at a deposition on January 7, 2021. Petitioner stated that he injured his back during a night shift on July 21, 2020, between 11:00 p.m. and midnight. To petitioner, the timing of the injury meant he suffered back pain for "a couple days," which is what he said during his emergency room visit. Petitioner denied stating that he had pain for "several days." Petitioner attributed any back pain before July 21, 2020, to kidney stones. Petitioner stated that the emergency room notation that he had a prior back injury was incorrect. However, petitioner indicated that Dr. Simms and Ms. Epling have been his primary care providers since at least 2011, stating that he sees "Dr. Simms every other month because I'm on [nerve] medication" and that Ms. Epling "works in Dr. Simms['s] office." Given that Dr. Simms diagnosed petitioner with a lumbar spine condition prior to July 2020, petitioner was asked about symptoms relating to that condition. Petitioner answered that the only symptom he had before July 21, 2020, was stiffness, which he attributed to the strenuousness of his occupation. However, when he was later asked if he experienced back pain in 2019, petitioner responded that he might have had "everyday common soreness or stiffness and aches and pain." Petitioner further testified that his regular medications included Flexeril, a muscle relaxant. Petitioner stated that the purpose of taking Flexeril was to relax his legs at night. Petitioner denied taking Flexeril for his back. Petitioner stated that he never filed any workers' compensation claims prior to the instant claim.

David L. Soulsby, M.D., performed a medical records review on March 13, 2021, and opined that he could not state to a reasonable medical certainty that petitioner sustained a discrete new injury on July 21, 2021. Rather, Dr. Soulsby found that petitioner suffered from episodic back pain due to degenerative disc disease. Dr. Soulsby rejected petitioner's testimony that any previous back pain was related to kidney stones. Petitioner's primary care physician, Dr. Simms, never listed kidney stones as a diagnosis or ordered studies of petitioner's urinary system, and kidney

stones were not considered part of the differential diagnosis when petitioner's complaints of back pain were evaluated during 2016, 2017, and 2018. Dr. Soulsby further noted that on February 15, 2021, Jonathan Luchs, M.D. a radiologist, conducted an age of injury analysis using the August 25, 2020, x-ray of petitioner's lumbar spine and an earlier x-ray of the lumbar spine from November 24, 2004. Comparing the x-rays, Dr. Luchs determined that all of the findings represented chronic and degenerative changes in the lumbar spine and "a typical progression of degenerative disc disease and degenerative arthropathy over time."

In the November 24, 2004, x-ray report, which is in the record, Alan M. Lintala, M.D. found no fractures or subluxations of the lumbar spine, noted an unobstructive stone in a calyx of the mid right kidney, and provided a clinical history which included back pain. Petitioner's medical records from Dr. Simms and Ms. Epling from 2016 through 2020 are also in the record. Petitioner was regularly treated for low back pain, and his complaints following July 21, 2020, were the same or substantially similar to his prior complaints of back pain. The clinical findings (such as degenerative disc disease, tenderness down through the lumbosacral junction, and radiculopathy) also did not appreciably change after July 21, 2020.

In its July 22, 2021, order, the Office of Judges affirmed the claims administrator's denial of petitioner's claim of sustaining an occupational injury. The Office of Judges found that the medical evidence supported Dr. Soulsby's opinion that petitioner did not have a discrete new injury. Therefore, finding Dr. Soulsby's opinion to be credible, the Office of Judges determined that petitioner failed to show by a preponderance of the evidence that he sustained a personal injury in the course of and resulting from his employment. On January 20, 2022, the Board of Review adopted the Office of Judges' findings and affirmed.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See* Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). "Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). In Syllabus Point 3 of *Gill*, we further held, in pertinent part, that "[t]o the extent that the aggravation of a noncompensable preexisting injury results in a dis[crete] new injury, that new injury may be found compensable." 236 W. Va. at 738, 783 S.E.2d at 858. As stated above, the record contains extensive evidence that petitioner was suffering a symptomatic preexisting condition. Dr. Simms

attributed petitioner's tenderness down through the lumbosacral junction to petitioner's degenerative disease. We find no error in the Office of Judges' finding that there was no discrete new injury.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn